UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:98-cr-182-MOC-DSC-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| \ | ) | |
| **BOBBY LEE CAMPBELL,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Bobby Lee Campbell's pro se Motion

for Hearing on the Writ of Continuing Garnishment issued in this matter (Doc. No. 121)

("Motion for Hearing") and pro se Motion Pursuant to Set Aside All Liens and Attempts to

Collect Pursuant to 18 U.S.C. § 3613 (Doc. No. 122) ("Motion to Set Aside").

## I.    BACKGROUND

The Court entered judgment against Defendant in this case on June 21, 1999, (Doc. No.

61), on charges of bank robbery and aiding and abetting. Defendant was sentenced to eighty-four

months in prison and three years of supervised release and ordered to pay a $200.00 special

assessment and $13,131.94 in restitution to the victim of the crime. Defendant is jointly and

severally liable with co-defendant Ron Demetrias Campbell for the total amount of restitution.

Defendant has paid $7,588.74 toward his monetary penalties. His co-defendant has paid a total of

$2,643.06 toward his monetary penalties, including $2,543.75 toward the joint and several

restitution. As of April 29, 2021, the current balance of Defendant's restitution debt was

$4,293.84.

1

On March 31, 2021, the Government filed an Application for a Writ of Continuing Garnishment against the Defendant's wages at Stericycle, Inc. (Doc. No. 116). A garnishment package informing Defendant of his right to seek a hearing or claim certain exemptions, along with relevant forms and instructions, was mailed to Defendant on April 5, 2021 (Doc. No. 120). On April 17, 2021, the garnishment package was delivered to the Garnishee by the United States Postal Service by certified mail with return receipt. The return receipt has not been returned at this time, and the Garnishee has not filed its Answer to the Writ of Continuing Garnishment.

On April 20, 2021, Defendant filed a request for hearing with the Court. (Doc. No. 121). On April 22, 2021, Defendant filed a Motion Pursuant to Set Aside All Liens and Attempts to Collect Pursuant to 18 U.S.C. § 3613 (Doc. No. 122). The Government filed a response to both motions on April 29, 2021.

## II.      DISCUSSION

### A.  Defendant's Motion for Hearing

Restitution judgments entered under the Mandatory Victim Restitution Act ("MVRA") are enforceable pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, et seq. See 18 U.S.C. § 3613(a); 18 U.S.C. § 3664(m)(1)(A)(ii). The FDCPA provides that the United States may issue a writ of garnishment against "property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). Upon issuance of the writ, the judgment debtor is served with a copy of the writ along with instructions for objecting to the garnishee's answer, claiming exemptions, and requesting a hearing. The debtor may request a hearing or claim certain exemptions within 20 days after receiving notice of the writ. 28 U.S.C. § 3202(b). The issues at the hearing are strictly limited by statute to "the probable validity of any claim of exemption by the judgment debtor," "compliance

with any statutory requirement for the issuance of the postjudgment remedy granted," and, if the judgment is by default, the validity of the debt and judgment. 28 U.S.C. § 3202(d).

Courts routinely deny motions for hearings on writs of garnishment when the debtor has not put forth a colorable claim to an exemption or a claim that the Government did not comply with the Act's requirements. See United States v. Bird, 2009 WL4801374 (W.D.N.C. Dec. 8, 2009) (Reidinger, J.) ("The Defendant has not claimed any exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. The Defendant is therefore not entitled to a hearing."); United States v. Taylor, 2007 WL 87746, at *2 (W.D.N.C. Jan. 9, 2007) (Thornburg, J.) (denying hearing on writ of garnishment where defendant had not raised issues cognizable under § 3202(d)); United States v. Greene, 2016 WL 3526054, at *4–5 (M.D.N.C. June 3, 2016) (denying hearing on writ of garnishment and noting that "[c]ourts routinely deny a request for hearing where the debtor did not object based on one of the issues specified in section 3202, where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation") (internal citations and alterations omitted).

Defendant has provided no valid basis for entitlement to a hearing. He does not appear to dispute the Government's compliance with the procedural requirements of § 3205, and his judgment was not by default. Defendant claims exemptions in his Motion to Set Aside, including every exemption listed pursuant to § 3613(a)(1). See (Doc. No. 122 at 6–7). With the potential exception of child support, none of the exemptions is applicable. The action initiated by the United States against Defendant and Stericycle, Inc., seeks the garnishment of wages. Wages do not fall within any of the ten categories of allowable exemptions. The United States does not seek to attach, sell, or otherwise dispose of the property to which the Defendant could claim an exemption.

As to child support, which is listed as No. 8 on the exemption sheet included in the garnishment package, 18 U.S.C. § 3205(c)(8) explicitly provides that child support garnishments are entitled to priority over garnishments. Moreover, garnishments are limited pursuant to 15 U.S.C. § 1673(a) to 25 percent of net wages that remain after all deductions required by law. The Government states in its response that should the Garnishee's Answer show that Defendant is subject to a garnishment for child support, the Government will request that its garnishment be limited to any amount over the child support garnishment up to a total of 25 percent.

In sum, because Defendant's request for a hearing does not fall within one of the three valid categories of issues for a hearing pursuant to 28 U.S.C. § 3202(d), Defendant's request for a hearing is denied.

## B. Defendant's Motion to Set Aside

In Defendant's Motion to Set Aside, he appears to request that his restitution judgment be set aside pursuant to Federal Rule of Civil Procedure 60 because (1) it is inequitable for him to keep paying when he has paid the majority of the joint and several restitution liability; (2) the statute of limitations on his judgment has run pursuant to 18 U.S.C. § 3613(b); (3) the judgment should be enforced through alternative means; and (4) he claims valid exemptions. For the following reasons, the motion is denied.

As an initial matter, Federal Rule of Civil Procedure 60 provides no basis for setting aside Defendant's restitution judgment. Restitution was ordered as part of the criminal judgment entered by this Court on June 21, 1999. That judgment is governed by the Federal Rules of Criminal Procedure and the MVRA, not the civil rules. Restitution imposed pursuant to the MVRA may not be terminated, revoked, or remitted. United States v. Roper, 462 F.3d 336, 338–39 (4th Cir. 2006). The MVRA permits modification of final restitution orders under four

circumstances only. An order of restitution may be corrected within fourteen days after

sentencing for "arithmetical, technical, or other clear errors." Fed. R. Crim. P. 35(a); §

3664(o)(1)(A). It may be modified or corrected on appeal under § 3742. § 3664(o)(1)(A). It may

be amended under Section 3664(d)(5) because losses were not ascertainable at the time of

sentencing. § 3664(o)(1)(C). The manner in which restitution must be paid may be adjusted

under § 3664(k). § 3664(o)(1)(D). None of these circumstances are applicable here. The time for

challenging the judgment, including the imposition of joint and several liability, has long since

passed.

Joint and several liability is permissible under the Mandatory Victim Restitution Act

("MVRA"), 18 U.S.C. § 3663A et seq., which provides that "where more than 1 defendant has

contributed to the loss of a victim, the court may make each defendant liable for payment of the

full amount of restitution or may apportion liability among the defendants to reflect the level of

contribution to the victim's loss." 18 U.S.C. § 3664(h); see also United States v. Dillard, 641

Fed. Appx. 252, 254 (4th Cir. 2016). Defendant argues that he has satisfied over 75 percent of

the judgment in the instant matter, and his judgment should therefore be set aside to remedy any

potential inequity. Defendant's argument, however, defies the definition of joint and several

liability, which provides that each defendant is wholly responsible for the entire debt. Defendant

provides no legal support for his claim that equitable considerations justify suspending his

restitution obligation.[1] As a matter of fairness to victims of crime, defendants with means must

satisfy their joint and several restitution obligations, regardless of the contributions of their co-

---

[1] Defendant asked the Court to apportion liability over ten years ago, in a pro se Motion for
Clarification of Judgment and/or Order of Reduction of Restitution Obligation filed on February
24, 2011 (Doc. No. 78). The Court summarily denied that request in a text order entered on
February 26, 2011.

defendants. If Defendant would like to advance a claim of financial hardship, he may do so by completing a financial statement and submitting it to the Government for consideration.

Defendant also discusses in this motion the history of time limits on restitution obligations. To the extent he argues that his restitution obligation has expired, he is incorrect. Under 18 U.S.C. § 3613(b), "[t]he liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." Defendant was released from prison on November 25, 2005. His restitution obligation therefore expires on November 25, 2025.

Defendant also requests that his judgment be satisfied through alternative means, such as through his 401(k) or other property. As the Government notes, Defendant may liquidate property at any time to satisfy his remaining restitution obligation. Upon satisfaction of his debt, the Government would move to dismiss the garnishment.

In sum, Defendant has not claimed any valid exemptions. In any case, exemptions do not provide a basis for setting aside a restitution judgment. Rather, they provide a safe harbor for certain kinds of property that may be exempted from collection efforts. For all these reasons, Defendant's Motion to Set Aside is denied.

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Hearing on the Writ of Continuing Garnishment issued in this matter (Doc. No. 121) ("Motion for Hearing") and pro se Motion Pursuant to Set Aside All Liens and Attempts to Collect Pursuant to 18 U.S.C. § 3613 (Doc. No. 122) ("Motion to Set Aside"), are both **DENIED**.

Signed: May 11, 2021



Max O. Cogburn Jr
United States District Judge